## Patrick Rooney vs. United Electric Railways Co.

### JULY 2, 1926.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)    Direction of Verdicts.*

A verdict should not be directed if upon any reasonable view of the evidence a jury might have found for the plaintiff upon the issues.

*(2)    Direction of Verdict.*

Upon motion for direction of verdict the justice presiding is not to pass upon the credibility of witnesses nor upon the weight of the evidence.

*(3)    Negligence.    Proximate Cause.    Last Clear Chance.*

The principles laid down in *Underwood* v. *Old Colony Street Ry. Co.*, 33 R. I. 319, have not been limited or overruled but remain the law of this State.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff and sustained.

SWEETLAND C. J. This is an action of trespass on the case to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servant in the operation of the defendant's electric car.

The case was tried before a justice of the Superior Court sitting with a jury. At the close of the evidence the justice directed a verdict for the defendant. The case is before us upon the plaintiff's exception to that action of the justice.

This court has frequently said that a verdict should not be directed in favor of a defendant if upon any reasonable view of the evidence a jury might have found for the plaintiff upon the issues in the case; and also that, upon motion for the direction of a verdict, a justice presiding at a jury trial is not to pass upon the credibility of witnesses nor upon the weight of the evidence.

If this case had been submitted to the jury there was evidence, although the same was contradicted, upon which the jury might have found the following facts. The defendant has two electric car tracks in the center of Smith street in Providence. Just before the accident in question the plaintiff was driving a horse attached to a wagon in an

easterly direction on Smith street at a moderate rate of speed. As he approached the intersection of Smith and Common streets he turned his horse upon a wide circle to the left, in order to cross the defendant's tracks and enter Common street. The plaintiff had crossed the southerly or inbound track of the defendant, and when his horse was about to step upon the southerly rail of the northerly or outbound track of the defendant the plaintiff had the right of way safely to cross that track ahead of the defendant's electric car, approaching from the east, if that car had been proceeding at a reasonable and legal rate of speed, said car being at that time sufficiently distant to be checked and, if need be, stopped before it should reach the plaintiff. *Beerman* v. *Union R. R. Co.,* 24 R. I. 275.

If the jury should not have found that the plaintiff had the right of way when he was about to proceed over the defendant's outbound track, but should have found that the plaintiff was guilty of contributory negligence in attempting to do so, the jury, nevertheless, might have found upon some of the evidence in the case that when the plaintiff's danger should have been apparent to the defendant's motorman, he, in the exercise of reasonable care, might have checked the speed of his car and have averted the accident; and that the failure of the motorman to do so was the proximate cause of the accident. *Underwood* v *Old Colony Street Ry. Co.,* 33 R. I. 319; *Blake* v. *R. I. Co.,* 32 R. I. 213.

It was stated by counsel that the justice presiding claimed at the trial that the doctrine approved in *Beerman* v. *Union R. R. Co., supra, Blake* v. *R. I. Co., supra,* and *Underwood* v. *Old Colony Street Ry. Co., supra* was not at present the law in this State, and that this court in recent opinions had clearly refused to follow those cases. In this view the justice was in error. In many cases in which plaintiffs have sought to rely upon the *Underwood* case, or upon other cases enunciating the same principle, this court has distinguished the facts of the case before it from those in which the doc-

trine of the last clear chance had been applied, but in no case in which the facts appear to warrant it has the court failed to apply the doctrine of the *Underwood* case, and that case remains the law of this State.

In our opinion the case at bar should have been submitted to the jury. The plaintiff's exception is sustained    The case is remitted to the Superior Court for a new trial.

*William A. Gunning,* for plaintiff.
*Clifford Whipple, Earl A. Sweeney,* for defendant.